UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIA SIEROTOWICZ,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　　:　　02 Civ. 5959 (RMB) (MHD)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　- against -　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:　　**ORDER**
NEW YORK CITY DEPARTMENT OF　　　　　　　 :
CONSUMER AFFAIRS,　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendant.　　　　　　　:
------------------------------------------------------------x

**I.　　Background**

On or about September 25, 2002, Maria Sierotowicz ("Plaintiff") filed an Amended Complaint pro se against the New York City Department of Consumer Affairs ("Defendant") alleging claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-17e, 42 U.S.C. §§ 1981, 1983, 1985, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34, and the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12112-7.  (See Amended Complaint, dated September 25, 2002.)

On November 5, 2004, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56.  (See Defendant's Memorandum of Law, dated November 5, 2004.)[1]

The Court (re)referred the case on May 10, 2005 ("May 10, 2005 Order") to United States Magistrate Judge Michael H. Dolinger, under whose supervision discovery in this case was conducted, for a determination as to whether additional discovery is required (or helpful) prior to the resolution of Defendant's summary judgment motion as "Plaintiff asserts, in her summary

---

[1] Pursuant to Local Rule 56.2, Defendant served Plaintiff with Notice to Pro Se Litigant Opposing Summary Judgment.  (See Notice to Pro Se Litigant Opposing Summary Judgment, dated November 5, 2004.)

judgment response, that Defendant 'denied plaintiff access to discovery [and] refused to comply with plaintiff's requests for information and production of documents.'" (May 10, 2005 Order (quoting Plaintiff's Memorandum of Law, dated November 19, 2004, at 1).)

On June 8, 2005, Judge Dolinger directed Defendant to respond to a motion to compel that appears to have been filed by Plaintiff in September 2004 and directed Plaintiff to "serve and file written explanation of which items of discovery she has previously requested that she believes are necessary to her response to defendant's summary judgment motion and why." (Second Memorandum & Order, dated June 8, 2005 at 2; see also Memorandum & Order, dated August 5, 2005.)

On July 19, 2005, this Court denied Defendant's motion for summary judgment without prejudice "[b]ecause discovery issues continue to be litigated before Judge Dolinger," and held that "[t]he motion may, following a court conference, be reinstated once discovery is concluded." (Order, dated July 19, 2005, at 3.)

Judge Dolinger subsequently issued an order, dated August 23, 2005, holding that, "We see nothing in the record before us to suggest that defendant has withheld any relevant documents from production to the plaintiff. Accordingly, there is no basis to provide any further discovery relief to the plaintiff prior to resolution of the pending summary-judgment motion." (Third Memorandum & Order, dated August 23, 2005 ("August 23, 2005 Order"), at 2.)

By letter, dated August 23, 2005, Defendant requested that the Court "restore their summary judgment motion to the calendar." (Letter from Alecia Walters to the Court, dated August 23, 2005, at 2.) On or about August 29, 2005, Plaintiff filed a document opposing restoration of the motion. (See Plaintiff's Response and Opposing Motion to Defendant's

Request for Restoration of Summary Judgment Motion, dated August 29, 2005 ("Plaintiff's Opposition").) Plaintiff's Opposition also appears to object to Judge Dolinger's determination that no further discovery is warranted. (See id. at 4 ("plaintiff still alleges that defendant either withheld the relevant and requested documents from discovery or has no personnel records due to [Defendant's] fraud").)[2]

**For the reasons set forth below, Judge Dolinger's August 23, 2005 Order is affirmed.**

## II.    Standard of Review

When considering objections to a discovery order issued by a magistrate judge, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A); Thompson v. Keane, 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996); see also Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990). An order is "clearly erroneous" only when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Thompson, 1996 WL 229887, at *1 (citation omitted). An order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Id. (citation omitted).

Where, as here, the plaintiff is proceeding pro se, "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 3112, at *2 (E.D.N.Y. Jan. 12, 1999).

---

[2] Plaintiff also "asks the Court to allow her to substitute a criminal action to [the] already pending civil one." (Pl. Opp. at 4.)

### III. Analysis

Having reviewed the record in this case, including, among other things, the parties' submissions before Judge Dolinger, Judge Dolinger's orders concerning this matter, and the applicable law, the Court concludes that Judge Dolinger's August 23, 2005 Order was neither clearly erroneous nor contrary to law.[3] See Fed. R. Civ. P. 72(a).

### IV. Conclusion and Order

For the reasons set forth above, Judge Dolinger's August 23, 2005 Order is affirmed, and the pending motion to compel [22] is dismissed. The parties are directed to appear at a pre-motion conference with the Court on September 30, 2005 at 11:30 a.m., in Courtroom 706 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007.

Dated: New York, New York
September 6, 2005

RICHARD M. BERMAN, U.S.D.J.

9/6

---

[3] The parties' submissions include: "Plaintiff's Response Motion to Defendant's Letter to the Court as Opposition to Discovery and Another Else Demand for Summary Judgment," filed on or about June 10, 2005; Letter from Alecia Walters to Judge Dolinger, dated June 13, 2005; "Plaintiff's Response to the Court's Memorandum & Order(s)," dated June 15, 2005; "Plaintiff's Response to Defendant'[s] Third Opposition to Discovery," dated June 15, 2005; Letter from Alecia Walters to Judge Dolinger, dated August 12, 2005; Declaration of Pansy Mullings, dated August 12, 2005; and "Plaintiff's Response and Opposition to Defendant's Lawyer and General Counsel's Notice and Declaration," dated August 19, 2005. Judge Dolinger's orders concerning this matter include: Memorandum & Order, dated June 6, 2005; Second Memorandum & Order, dated June 8, 2005; Memorandum & Order, dated August 5, 2005; and the August 23 Order.